IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-03139-JLK

BACKCOUNTRY HUNTERS AND ANGLERS, Colorado Chapter,
Petitioner,

v.

UNITED STATES FOREST SERVICE, a federal agency within the U.S. Department of Agriculture; MARK STILES, in his official capacity as Forest Supervisor for the San Juan National Forest; and THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service,

Respondents,

and

COLORADO OFF HIGHWAY VEHICLE COALITION, TRAILS PRESERVATION ALLIANCE, SAN JUAN TRAIL RIDERS, PUBLIC ACCESS PRESERVATION ASS'N, and THE BLUE RIBBON COALITION

Respondent-Intervenors.

---

**JOINT CASE MANAGEMENT PLAN**

---

## 1. APPEARANCES OF COUNSEL

For Petitioner:
Michael C. Soules
Natural Resources Clinic
University of Colorado Law School
Wolf Law Building, UCB 404
Boulder, CO 80309-0404
TEL: (303) 492-5897
FAX: (303) 492-4587
e-mail: michael.soules@colorado.edu

For Respondent:
Jason A. Hill
Natural Resources Section
Environment & Natural Resources Division

United States Department of Justice
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
TEL: (202) 315-1024
FAX: (202) 305-0506
e-mail: jason.hill2@usdoj.gov

For Respondent-Intervenors:

Paul A. Turcke
950 West Bannock Street, Suite 520
Boise, ID 83702
TEL: (208) 331-1800
FAX: (208) 331-1202
e-mail: pat@msbtlaw.com

**2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

**Petitioner's Position**:

Petitioner asserts this Court has jurisdiction under 28 U.S.C § 1331 and 28 U.S.C. § 1346 because the federal government is a defendant, and this action arises under the laws of the United States. ECF No. 1 at ¶ 9. Petitioner's claims are challenges to agency actions reviewable under the Administrative Procedure Act, 5 U.S.C. § 702.

**Respondents' Position**:

Respondents dispute this Court has subject matter jurisdiction over this matter, and assert the following affirmative defenses: sovereign immunity, lack of standing, statute of limitations, laches, ripeness, and failure to exhaust administrative remedies. ECF No. 14 at 31.

**Respondent-Intervenors' Position**:

Respondent-Intervenors dispute Petitioner has validly invoked this Court's subject matter jurisdiction, and further assert Petitioner has failed to state a claim upon which relief may be granted, and that Petitioner's claims are not ripe. ECF No. 11 at 7.

**3. DATES OF FILING OF RELEVANT PLEADINGS**

**A. Date Petition for Review Was Filed:**

Petitioner filed its Complaint for Declaratory and Injunctive Relief and Petition for Review of Agency Action on December 2, 2011. ECF No. 1.

**B. Date Petition for Review Was Served on U.S. Attorney's Office:**

The United States Attorney's Office for the District of Colorado was served on December 6, 2011. ECF No. 3-3.

**C. Date Answer to Petition Was Filed:**

Respondent-Intervenors filed their Answer on February 2, 2012. ECF Nos. 5-1, 10, and 11. Respondents filed their Answer to the Petition on February 10, 2012. ECF No. 14.

**4. UNUSUAL CLAIMS OR DEFENSES**

N/A

**5. OTHER MATTERS**

Petitioner requests expedited consideration of this matter.

**6. PROPOSED BRIEFING SCHEDULE**

**A. Deadline for Lodging Administrative Record:**

Petitioner's claims are to be reviewed pursuant to the Administrative Procedure Act (APA) based upon the administrative record to be compiled by Respondents. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review" should be the administrative record compiled by the agency).

Respondents assert that it is their understanding that Petitioner's Complaint for Declaratory and Injunctive Relief and Petition for Review of Agency Action, ECF No. 1, challenges Forest Order SJ-2010-08, which is the only final agency action at issue in this matter. Petitioner responds that the Order No. SJ-2010-08 is the final agency action in this case, *see* ECF

No. 1 ¶ 122, and that Petitioner's claims encompass numerous other actions, assumptions, and events relating to the authorization of off-road vehicles on the trails at issue in this case. *See, e.g.*, ECF No. 1 ¶¶ 105-16, 123-28.

Respondents will lodge the administrative record for Forest Order SJ-2010-08 by March 14, 2012. The administrative record will be produced in electronic format (i.e., pdf). Respondents will file the Notice of Lodging, Certification, and Index via ECF, and the actual record, together with the foregoing, will be lodged with the Court and served to the parties via a removable electronic storage device.

**B. Deadline for Parties to Confer on Record Disputes:**

To minimize the potential for conflicts over the scope and content of the administrative record Respondents circulated an outline of the draft index on February 21, 2012, and Petitioner and Respondent-Intervenors agreed to identify any specific documents forming the basis of any conflict with the scope and content of the administrative record no later than February 29, 2012. Once the administrative record is lodged on March 14, 2012, the parties shall finally confer on record disputes, if any, by March 21, 2012, and attempt to amicably resolve any remaining issues concerning the administrative record before moving the Court for relief.

**C. Deadlines and Schedules for Filing Non-Dispositive Motions**

**1. Motions to Complete and/or Supplement the Administrative Record:**

The parties shall file any motions to complete and/or supplement the administrative record no later than April 4, 2012, if the parties are unable to resolve any issues concerning the administrative record. The parties do not currently anticipate that any discovery will be necessary or appropriate for this case.

If no motions are filed pursuant to this paragraph, merits briefing shall proceed according to the schedule set forth in paragraphs 6(D)-(G). If there are challenges to the administrative record, or requests to take discovery, merits briefing will be stayed until those disputes over the record have been resolved. (In this circumstance, Petitioner anticipates filing a motion for preliminary injunction, as discussed in paragraph 6(C)(2) below.) If merits briefing is stayed due to a dispute over the administrative record or a request for discovery, the parties will file a proposed modified briefing schedule within 14 days after entry of the order(s) resolving such motion(s).

Response and reply deadlines for any motions filed under this paragraph are as follows: any response by Respondents due no later than 21 days after any such motion is filed, with any response by Petitioner or Respondent-Intervenors due 5 days after any response from Respondents, and any reply due no later than 14 days after such response is filed.

**2. Motion for Preliminary Injunction**

Petitioner and Respondents have conferred at length regarding the scope of the administrative record for this action. Based on these discussions, it appears that the parties sharply disagree about the scope of the record, and that Petitioner may file a motion to complete the record. Because Petitioner believes it may take several months to resolve this disagreement over the scope of the record (and may require additional time for Respondent to add any disputed documents to the record), and because Petitioner believes that its members could suffer irreparable harm as soon as early June 2012, the parties have negotiated a schedule for handling this contingency. Respondents disagree with Petitioner's estimates for resolving record disputes and further disagree that Petitioner's members could suffer irreparable injury as early as June 2012.

As noted above, Respondents will lodge the administrative record on March 14, 2012. If Petitioner disagrees with the scope and adequacy of the record lodged by Respondents, and these disagreements are sufficiently serious that they cannot be resolved by the parties, Petitioner will file a motion for preliminary injunction by March 28, 2012. Respondents will then file their response by April 25, 2012, and Respondent-Intervenors will file their response by April 30, 2012. Petitioners will file their reply brief by May 14, 2012.

The parties have negotiated this preliminary injunction briefing schedule in an effort to accommodate Respondents. At present, Petitioner stands ready to file a motion for preliminary injunction, and had intended to do so immediately once it became clear to Petitioner that (a) the parties had fundamental disagreements about the scope of the administrative record, and (b) those disagreements would not be resolved in time to prevent what Petitioner believes would be irreparable harm to itself and its members. Respondents advised Petitioner of their view that disagreements on the record do not provide a rational basis for a motion seeking emergency relief. Petitioner notified Respondents that it would not seek a preliminary injunction due to a disagreement over the record, but rather due to Petitioner's belief that it will suffer irreparable harm if it does not obtain injunctive relief by June 2012.

On February 24, 2012, when counsel for Petitioner notified Respondents' counsel that Petitioner intended to file the motion during the week of February 27th, Respondents' counsel informed Petitioner's counsel that the briefing schedule created by this filing would result in prejudice to Respondents, and would cause hardship to Respondents' counsel. For these reasons, Petitioner has agreed to delay filing a motion for preliminary injunction until March 28, 2012.

Because Petitioner believes that irreparable harm will occur if it does not obtain injunctive relief by early June 2012, Petitioner requests that its motion for preliminary injunction

be considered by the Court as soon as possible following the completion of briefing, and that the Court hold oral argument on this motion at the earliest possible date (and hopefully prior to June 1, 2012). Respondents and Respondent-Intervenors have agreed not to oppose Petitioner's request for an expedited argument date.

**D. Petitioner's Opening Brief Due:**

Petitioner shall file its opening merits brief by April 11, 2012.

**E. Respondents' Response Brief Due:**

Respondents shall file their merits response brief by May 9, 2012.

**F. Respondent-Intervenors' Brief Due**

Respondent-Intervenors shall file their merits response brief by May14, 2012. Respondent-Intervenors shall comply with the Court's February 2, 2012 Order granting intervention. ECF No. 10.

**G. Petitioner's Reply Brief (If Any) Due:**

Petitioner shall file its merits reply brief by May 29, 2012.

**7. STATEMENTS REGARDING ORAL ARGUMENT**

**A. Petitioner's Statement:**

Petitioner requests oral argument in the belief that it will be helpful to the Court in understanding the complex legal and factual issues presented by this case. In order to facilitate a prompt resolution of this time-sensitive matter, and in keeping with the expedited briefing schedule agreed upon by the parties, Petitioner also respectfully requests that this Court schedule oral argument on an expedited timeframe. Petitioner believes that irreparable harm to its members and to the environment will occur if Petitioner does not secure a favorable order from

this Court by early summer. Accordingly, Petitioner asks that the Court schedule oral argument for the earliest possible date following the completion of merits briefing in this matter.

Additionally, as discussed in paragraph 6(C)(2) above, if Petitioner is forced to file a motion for preliminary injunction, Petitioner requests argument on this motion as well.

**B. Respondents' Statement:**

To the extent the Court would be assisted by oral argument, Respondents are willing to participate. Respondents do not oppose Petitioner's request for an oral argument at the earliest possible date following the completion of briefing in this matter.

**C. Respondent-Intervenors' Statement:**

Respondent-Intervenors welcome oral argument, provided the Court believes it will assist in disposition of the case.

**8. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

*__Indicate below the parties' consent choice__*.

**A. ( ) All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**B. (X) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**9. EXTENSIONS OF TIME**

Parties filing motions for extension of time or continuances must comply with Local Rule 5.1(G) by submitting proof that a copy of the motion has been served upon all attorneys of record. Parties filing motions for extension of time or continuances must comply with Local Rule 6.1(E) by serving such motion upon the moving attorney's client.

**10. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 5th day of March, 2012.

BY THE COURT:

s/ John L. Kane

U.S. DISTRICT COURT JUDGE

APPROVED:

s/ Michael C. Soules
Michael C. Soules
Natural Resources Clinic
University of Colorado Law School
Wolf Law Building, UCB 404
Boulder, CO 80309-0404
TEL: (303) 492-5897
FAX: (303) 492-4587
e-mail: michael.soules@colorado.edu
**Attorney for Petitioner**

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

s/ (with permission by Michael C. Soules)
Jason A. Hill
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
TEL: (202) 315-1024
FAX: (202) 305-0506
e-mail: jason.hill2@usdoj.gov
**Attorney for Respondents**

s/ (with permission by Michael C. Soules)
Paul A. Turcke

950 West Bannock Street, Suite 520
Boise, ID 83702
TEL: (208) 331-1800
FAX: (208) 331-1202
e-mail: pat@msbtlaw.com
**Attorney for Respondent-Intervenors**