**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-03139-MSK-KLM

**BACKCOUNTRY HUNTERS AND ANGLERS, Colorado Chapter,**

      Petitioner,

v.

**UNITED STATES FOREST SERVICE;
MARK STILES, in his official capacity as Forest Supervisor for the San Juan National
Forest; and
THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service,**

      Respondents,

**and**

**COLORADO OFF-HIGHWAY VEHICLE COALITION;
TRAILS PRESERVATION ALLIANCE;
SAN JUAN TRAIL RIDERS;
PUBLIC ACCESS PRESERVATION ASS'N;
THE BLUE RIBBON COALITION,
DUNTON HOT SPRINGS, INCL;
DUNTON, LLC,
TOWN OF RICO, COLORADO;
RICO ALPINE SOCIEETY; and
SAN JUAN CITIZENS ALLIANCE,**

      Respondent-Intervenors.

_____

**OPINION AND ORDER ON MOTION FOR RELIEF FROM JUDGMENT**
_____

      **THIS MATTER** comes before the Court pursuant to the  Petitioner's Motion for Relief

from Judgment **(# 82)**, the Respondents' response **(# 83)**, certain Intervenors' response **(# 84)**,

and the Petitioner's reply **(# 87)**.

1

The Court assumes the reader's familiarity with the underlying facts and proceedings to date, and offers only a cursory summary.  The Petitioner challenges a June 16, 2010 Area Restrictions Order issued by the United States Forest Service ("USFS") that "close[d] the Rico-West Dolores Travel Management Area to cross-country travel" by motorized vehicles, but left in place existing permissions for the use of motorized vehicles on 14 specific trails.  The Petitioner contended that the June 16, 2010 Order actually constituted a change in the designation of the 14 trails, such that the June 16 Order operated to "open" those trails to motorized use.  The Petitioner challenged the decision to "open" the trails as a "final agency action" reviewable under the Administrative Procedures Act ("APA"), 5 U.S.C. § 5 U.S.C. § 702 *et seq.* and other statutes.

In an Opinion and Order ("Opinion") dated March 21, 2013 (**# 60**), this Court found that USFS documentation dating back to at least 1999 designated the trails in question as open for motorized use, and thus concluded that the June 10, 2010 Order did nothing more than restate existing USFS policy regarding motorized use of the trails.  As such, the Court concluded that the June 10, 2010 Order was not a "major federal action" that was susceptible to the APA review sought by the Petitioners.  The Court subsequently granted judgment (**# 61**) to the Respondents and the Petitioner has taken an appeal (**# 70**).

Approximately two months after the filing of the Notice of Appeal, the Petitioner filed the instant Motion for Relief From Judgment (**# 82**), arguing that: (i) the USFS responded to a FOIA request by the Petitioner in April 2013, producing certain documents that had not been included in the Administrative Record during the prior proceedings; (ii) those documents reveal that the USFS' June 2010 decision was not simply a continuation of existing management policies regarding the subject trails, but rather an "explicit[ ] reconsider[ation] of the motorized

status of the 14 trails," and thus, a distinct and reviewable "final agency action"; and (iii) the documents, being "newly discovered evidence" whose existence would materially alter the Court's prior reasoning, warranted the Court granting the Petitioner relief from the judgment pursuant to Fed. R. Civ. P. 60(b).[1]

The Court begins with Fed. R. Civ. P. 60(b). That rule permits relief from a judgment or order due to, among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To demonstrate "newly discovered evidence" warranting relief under this Rule, the Petitioner has the burden to show: (i) that the evidence was newly discovered since the Opinion was issued; (ii) that the Petitioner acted diligently in discovering the new evidence; (iii) the new evidence is not merely cumulative or impeaching; (iv) the new evidence is material; and (v) a new review of the merits with the newly discovered evidence considered would probably produce a different result. *Dronsejko v. Thornton*, 632 F.3d 658 670 (10th Cir. 2011).

The Court will assume that the Petitioner can establish the first two elements (that the new evidence in question was not previously available and is the product of reasonable diligence), and will turn to the question of whether the tendered new evidence is material and would likely have led the Court to a different conclusion than the one reached in its Opinion, or whether it is merely cumulative.

---

[1]     The Petitioner dealt with the potential jurisdictional impediment of the pending appeal in a single-sentence footnote, noting that "the Court can consider a Rule 60 motion while an appeal is pending." *Citing Aldrich Enterprises, Inc. v. U.S.*, 938 F.3d 1134, 1143 (10th Cir. 1991). *Aldrich* teaches that a District Court lacks jurisdiction to grant a Rule 60(b) motion while the judgment, but may consider the motion and, if appropriate, "notif[y the Court of Appeals] of its intention to grant the motion upon proper remand." *Id.* Of course, the District Court can also consider the motion and deny its on its merits, notwithstanding the pending appeal.

Putting aside a great deal of repetition in the various exhibits supporting the Petitioner's motion, the pertinent material is an e-mail exchange between several USFS employees in early April 2010.  The discussion apparently concerned a USFS employee's attempt to update something called "Infra Trails" – apparently a USFS database of trail information that includes information such as "mileposts," "seasons of use," and what uses are "managed" and "allowed/accepted."  One USFS employee, Christopher Bouton, remarked in an April 1, 2010 e-mail that "there are a few mistakes [in the Infra Trails system]" with regard to whether certain trails were designated for motorized or non-motorized use.  Stating that he was "assuming that we are going for existing condition based on the Visitor Map,"[2] he pointed out several instances in which the Infra Trails system should be modified to reflect the actual Visitor Map designations (in each instance, apparently, recognizing that certain trails at issue here were indeed open to motorized use per the Visitor Map).  The e-mail chain seems to suggest that other USFS employees accepted Mr. Bouton's "trail changes," and that they were subsequently incorporated into the Infra trails system.

The Petitioner seizes upon the use of the phrase "trail changes" in the e-mail chain, interpreting it to suggest that Mr. Bouton and others were making "changes" to the USFS

---

[2]    It is not clear to the Court what this "Visitor Map" is.  Footnote 8 of the Court's prior Opinion addresses the matter in some detail, noting that there is one map in the Administrative Record at page 4867, bearing a revision date of 1994, which the Respondents' brief on the merits of the dispute referred to as a "1994 Visitor Map."  The Petitioner's instant motion makes a reference to a "2005 Visitor Map," found at page 4872 of the Administrative Record.  That document does not, as best the Court can discern, bear a date, although the Court will take at face value the Petitioner's assertion that it hails from that time period and will refer to it as the "2005 map."  The two maps differ in certain minor respects with regard to their indications of the trails at issue here, but both maintain the practice of directing the reader to the "Area Table" or "Road and Trail Table" for information about the motorized status of each trail.  The Court's prior footnote 8 addressed its review of the Road and Trail Table and Area Table that apparently accompanied the 1994 map; the parties have not identified or addressed the contents of those tables as they might relate to the 2005 map, nor described any apparent variances between the 1994 and 2005 versions of those tables.

designation of the trails at issue here, and that such a change in designation must necessarily be a new land use decision subject to APA review.  But this misreads the thrust of the e-mail chain. The e-mail chain reflects an attempt by USFS to make "changes" to the <u>data in the Infra Trails database</u>, correcting that internal data to more correctly reflect how trails had actually been managed since at least 2005 (if not 1994).[3]  Nothing in the e-mail chain seems to suggest that Mr. Bouton was suggesting that the USFS change how the trails would be managed in the real world – *i.e.* there is no indication that Mr. Bouton's "changes" would be effectuated by a USFS employee going out to the trailheads and changing signage from "no motorized vehicles" to "motorized vehicles permitted" or the like.  Mr. Bouton's suggestions unambiguously indicate that they were intended to reflect "existing condition based on the Visitor Map" – a map that had been in existence for at least five years already.[4]  Although perhaps not cumulative, this additional information would not have altered the outcome of the Court's Opinion; if anything, it is entirely consistent with the Court's finding that the July 2010 Order made no actual changes to

---

[3]     This is confirmed by an April 14, 2010 e-mail from Jessica Ramirez about attempts to craft an "emergency closure order" – one that ultimately became the June 10, 2010 Order at issue here.  The e-mail states that, under that order, "roads and trails will remain 'as-is.' . . . 'as-is' means as depicted on the Visitor Map – which we know is not how they are in INFRA."  This confirms that the June 2010 Order did not change the real-world management of the trails in question here, and the discussion of "changes" means "changes to USFS' internal database to correctly reflect real-world management characteristics."

[4]     The Petitioner points out at least three instances in which Mr. Bouton's suggested corrections to the Infra Trails database "were inconsistent with the trail use statuses reflected in the  . . . 2005 visitor map."  Each of the three examples involved Mr. Bouton identifying the trails as being "open to motorcycles" when the visitor map indicated that the trails were "open to all motorized uses" (such as automobiles and all-terrain vehicles).  It is by no means clear from the e-mail exchange, or anything else in the record, that Mr. Bouton was intentionally attempting to effect a change in the actual real-world management of the trails.  Instead it appears that he was addressing loose terminology (using "motorcycles" to mean "motorized uses") or was simply mistaken about what the 2005 Visitor Map actually reflected.

how the trails at issue were being managed and thus, did not constitute a final agency action reviewable under the APA.

The Petitioner also points to a May 21, 2010 e-mail from Vicky Duvall that makes reference to "trials [for which] I made changes to the ATM data . . . ." The trails she references includes many of the trails at issue in this action. The Petitioner explains that "ATM data" is a component of a "Trail Management Objective," which is itself a data field contained in the Infra Trails database. The Petitioner explains that "if a particular trail's ATM is changed, that will alter how the Forest Service manages the trail, which uses are allowed or prohibited, and how the trail is depicted on future maps." Once again, however, this evidence establishes merely that USFS recognized that its data in the Infra Trails database did not reflect its historic, real-world designations of those trails, which were themselves based on Visitor Maps from 2005 and earlier, and that the USFS was intending to change the Infra Trails data to correctly reflect how the trails were actually being designated and managed. The correction of inaccuracies in an agency's internal data, harmonizing that data to accurately reflect actual, historical management activities, is not a final agency action subject to APA review.

Certainly, there can be no doubt that USFS' internal records and overall planning documents did not always accurately reflect how the USFS was actually designating and managing the trails in practice. But the new evidence tendered by the Petitioner does not change the central, largely-undisputed fact observed by the Court in its original Opinion: the USFS had – rightly or wrongly -- designated the trails at issue here as opened to motorized use many years before the June 2010 Order, and that Order did nothing to change the existing designations of those trails. The tendered newly-discovered evidence thus is merely cumulative, and insufficient to indicate that the outcome of this case might have been different if the tendered evidence had

been presented earlier.  Accordingly, the Court denies the Petitioner's request for relief pursuant to Rule 60(b)(2).

For the foregoing reasons, the Petitioner's Motion for Relief From Judgment **(# 82)** is **DENIED**.

Dated this 13th day of February, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge